UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT KRUGGEL,

        Plaintiff,

  -against-            6:11-CV-1250 (LEK/ATB)

The TOWN OF ARIETTA; WILLIAM
PARSLOW, SR., as Highway
Superintendent of the Town of Arietta and
in his individual capacity; and MICHAEL
ROGERS, as Foreman of the Highway
Department of the Town of Arietta and in
his individual capacity,

        Defendants.

**MEMORANDUM-DECISION and ORDER**

**I. INTRODUCTION**

Plaintiff Robert Kruggel ("Plaintiff") commenced this civil rights action on October 20, 2011, for events relating to his former employment with Defendant the Town of Arietta ("Arietta"). Dkt. No. 1 ("Complaint"). On January 1, 2013, Defendants Arietta, William Parslow, Sr., and Michael Rogers (collectively, "Defendants") moved for summary judgment. Dkt. Nos. 21 ("Motion"); 21-30 ("Memorandum"). Briefing was completed on May 23, 2013. Dkt. Nos. 27-4 ("Response"); 34 ("Reply"). For the following reasons, the Court now grants Defendants' Motion.

**II. BACKGROUND**

 **A. Factual History**

On December 6, 2004, Plaintiff began working for Arietta. Dkt. Nos. 21-32 ("SMF") ¶ 1;

("Response SMF") ¶ 1.[1]  His duties were to include carpentry, garbage collection, building maintenance, lawn mowing, and road maintenance, including snow plowing.  SMF ¶¶ 1-5; Resp. SMF ¶ 1.  His supervisors included Defendant Parslow, who was elected Arietta Highway Department ("AHD") Superintendent in 2006, and Defendant Rogers, who was appointed AHD Foreman in 2006.  SMF ¶¶ 15, 19, 23, 25; Resp. SMF ¶ 1.  As Foreman, Defendant Rogers is in charge of day-to-day job assignments and supervision of AHD employees.  SMF ¶ 26; Resp. SMF ¶ 1.  All AHD employees receive training and instruction on the inspection and proper use of Arietta equipment, including instruction from Defendant Rogers on not plowing too near to guard rails while removing snow.  SMF ¶¶ 6-8, 27; Resp. SMF ¶ 1.  Additionally, Plaintiff, Defendants Parslow and Rogers, and Arietta Town Supervisor Rick Wilt received and read copies of the Arietta Employee Handbook, which contains rules and regulations governing employment with Arietta and is distributed to all AHD employees.  SMF ¶¶ 9-14, 17, 20-22; Resp. SMF ¶¶ 1, 9.

Defendants Parslow and Rogers have discussed violence prevention and employee relations

---

[1] The Court appreciates Defendants' efforts in producing a "Reconciled Statement of Material Facts" representing the SMF as responded to by Plaintiff.  Dkt. No. 35.  However, while the Court deems paragraphs 56-63 and 151 of the SMF admitted by Plaintiff under Local Rule 7.1(a)(3), the Court disagrees with Defendants' assertion that Plaintiff did not specifically controvert paragraphs 84-91, 93-115, 117, and 153-158 of the SMF.  See Dkt. No. 35 at 1 n.1.  Although Plaintiff failed to use the word "deny," his Response SMF specifically controverts the paragraphs in question as inaccurately or incompletely characterizing excerpted statements in the underlying exhibit and as unfair representations of the full statements from which the underlying exhibit draws those excerpts.  See Resp. SMF ¶ 84.  Accordingly, the Court deems paragraphs 84-91, 93-115, 117, and 153-158 of the SMF disputed.  Moreover, Plaintiff's responses to paragraphs 50-51 and 53 of the SMF rely solely on an "Exhibit 2" that does not exist in the record.  See generally Dkt.  Plaintiff's Affidavit in Opposition to Defendants' Motion refers to an "Exhibit '2' to the Tuttle Affidavit submitted herewith," but no "Tuttle Affidavit" was submitted with Plaintiff's Affidavit or at any other time.  See Dkt. No. 27-1 ¶ 7.  See generally Dkt.  The Court therefore deems paragraphs 50-51 and 53 of the SMF admitted by Plaintiff under Local Rule 7.1(a)(3).  In light of all the foregoing, the Court will follow the usual practice of referring to the SMF and the Response SMF, rather than to the Reconciled SMF, to avoid confusion.

with AHD employees, including Plaintiff, and Defendant Rogers performs annual verbal appraisals of AHD employees. SMF ¶¶ 28-29; Resp. SMF ¶ 1. Supervisor Wilt oversees the maintenance of personnel files for all Arietta employees. SMF ¶ 35; Resp. SMF ¶ 1. Some of these files contain disciplinary notices, but Plaintiff's does not, nor did Defendants Parslow and Rogers ever prepare a written reprimand for Plaintiff or seek formal charges against him. SMF ¶¶ 31-32, 36, 123-24, 126; Resp. SMF ¶ 1. However, Plaintiff left work early on at least one occasion without permission despite being instructed to find tasks to do around the shop between assignments, such as washing and waxing Arietta vehicles or sweeping the floor. SMF ¶ 52-53; Resp. SMF ¶¶ 1, 53; supra note 1. Plaintiff also took lunch breaks of unauthorized duration and failed to report to scheduled work assignments. SMF ¶¶ 50-51; supra note 1.

Plaintiff considered himself on good personal terms with Defendants Parslow and Rogers and socialized with them "dozens" of times outside of the workplace. SMF ¶ 37; Resp. SMF ¶ 1. Defendants Parslow and Rogers helped Plaintiff build his house, and Defendant Rogers volunteered to help Plaintiff lay its roof. SMF ¶¶ 38-39; Resp. SMF ¶ 1. Nevertheless, Plaintiff said "derogatory and insubordinate" things about Defendant Parslow to "a lot of people." SMF ¶ 44; Resp. SMF ¶ 1. Plaintiff had arguments or disagreements with all of his Arietta coworkers. SMF ¶ 49; Resp. SMF ¶ 1.

On September 14, 2009, Plaintiff authored several letters: one alleging that Defendant Rogers assaulted him on February 19, 2009; another documenting altercations Plaintiff had with Robert Page ("Page"), a coworker; and a third describing incidents that had occurred at AHD over the previous several months. SMF ¶¶ 55-57; Resp. SMF ¶ 1; supra note 1. In response, Defendant Parslow spoke with Plaintiff that day both individually and with Page and Defendant Rogers. SMF

3

¶¶ 58, 60; supra note 1.  Additionally, Defendant Rogers wrote a letter, read and signed by all AHD employees, addressing Plaintiff's concerns.  SMF ¶ 59; supra note 1.  Defendant Parslow warned Plaintiff and Page that they could face discipline if they had altercations at work.  SMF ¶ 61; supra note 1.  Defendant Parslow then wrote a letter, dated September 17, 2009, documenting Plaintiff's concerns and the September 14 meeting.  SMF ¶¶ 62-64; Resp. SMF ¶ 64; supra note 1.

On February 11, 2011, Defendant Rogers told Plaintiff that Plaintiff had been seen speeding in an Arietta vehicle.[2]  SMF ¶ 66; Resp. SMF ¶ 1.  Plaintiff went to Defendant Parslow's home that night to tell him about Defendant Rogers' accusation.  SMF ¶ 70; Resp. SMF ¶ 70.  Defendant Parslow replied that he would investigate and speak with Plaintiff again promptly.  SMF ¶ 71; Resp. SMF ¶ 1.  At their subsequent meeting, Plaintiff told Defendant Parslow that he would not abide by terms Defendant Parslow laid out and that Defendant Parslow would have to fire him.[3]  SMF ¶ 76; Resp. SMF ¶ 1.

On February 15, 2011, Plaintiff wrote another letter documenting his view of incidents that had occurred at AHD from March 11, 2009, to February 14, 2011.  SMF ¶¶ 78-79; Resp. SMF ¶¶ 1, 79.  On February 23, 2011, Plaintiff's counsel informed Arietta that he had been retained to represent Plaintiff regarding Plaintiff's employment with AHD.  SMF ¶ 82; Resp. SMF ¶ 1.  On June 6, 2011, Plaintiff wrote another letter stating his version of a conversation with Arietta Councilman Henry Rogers, Defendant Rogers' father.  SMF ¶ 116; Resp. SMF ¶ 116; see Dkt. No. 21-17.  Arietta representatives discussed these allegations with Councilman Rogers.  SMF ¶ 128;

---

[2] Additionally, Plaintiff testified that, in 2011, Defendants Parslow and Rogers accused him of breaking equipment, tardiness, poor job performance, and speeding.  SMF ¶ 65; Resp. SMF ¶ 1.

[3] Plaintiff testified that he was then given a five-day suspension with pay and not docked any sick, personal, or vacation time.  SMF ¶ 77; Resp. SMF ¶ 1.

4

Resp. SMF ¶ 128.

Supervisor Wilt, on behalf of Arietta, met with Plaintiff several times in various locations to discuss Plaintiff's complaints. SMF ¶ 130; Resp. SMF ¶ 130. Supervisor Wilt consulted the Arietta Employee Handbook and instructed Plaintiff to document his work-related complaints, referred him to the Arietta Employee Handbook, directed him to the Hamilton County Civil Service Office, and advised him to seek the advice of private counsel. SMF ¶¶ 131-32, 134-36; Resp. SMF ¶ 1, 136. Defendant Parslow investigated all of Plaintiff's work-related concerns and discussed them with Arietta's attorney. SMF ¶¶ 139, 141; Resp. SMF ¶ 1.

Unbeknownst to others, Plaintiff received psychiatric treatment while employed by Arietta. SMF ¶ 137; Resp. SMF ¶ 1. In 2011, Plaintiff threatened to harm Defendants Parslow and Rogers and their families. SMF ¶ 151; supra note 1. Plaintiff began looking for a new job that year and eventually accepted employment with Stevenson Lumber before quitting his job with AHD. SMF ¶¶ 42-43; Resp. SMF ¶ 1. In the spring of 2012, Plaintiff left Stevenson Lumber to work at Pine Lake Stoves. SMF ¶ 145; Resp. SMF ¶ 1. During Plaintiff's employment with Pine Lake Stoves, Bruce Thorn, who had employed Plaintiff sometime in the 1990s, complained about Plaintiff to Pine Lake Stoves and requested that Plaintiff not work on his premises. SMF ¶¶ 146-48; Resp. SMF ¶ 1.

**B. Procedural History**

Plaintiff filed the Complaint on October 20, 2011, bringing six causes of action[4]: (1)

---

[4] Plaintiff listed seven causes of action in the Complaint, but one of them is not truly a separate cause of action; rather, it is a pleading requirement to hold a municipality, such as Defendant Arietta, liable under 42 U.S.C. § 1983. See Compl. ¶¶ 41-45; Am. Compl. ¶¶ 36-40; see, e.g., Carpinone v. City of New York, No. 11 Civ. 2074, 2012 WL 760073, at *2 (S.D.N.Y. Mar. 9, 2012) (discussing municipal liability under § 1983 as established by Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)).

violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution by all Defendants; (2) violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution by all Defendants; (3) violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment to the U.S. Constitution by Defendants Parslow and Rogers; (4) assault and battery under New York law by Defendant Rogers; (5) negligent infliction of emotional distress under New York law by Defendants Parslow and Rogers; and (6) tortious harassment under New York law by Defendants Parslow and Rogers. Compl. ¶¶ 24-57. Defendants answered on November 14, 2011. Dkt. No. 8.

Plaintiff then submitted an Amended Complaint, which is identical to the Complaint except that it omits the Eighth Amendment claim. Dkt. No. 10 ("Amended Complaint"). The Honorable Andrew T. Baxter, U.S. Magistrate Judge, accepted the Amended Complaint for filing on April 5, 2012, and permitted Defendants to rely on the applicable portions of their previously filed Answer. Text Order of April 5, 2012. On June 4, 2012, Judge Baxter approved a stipulation of the parties dismissing Plaintiff's state-law claims with prejudice. Dkt. No. 15. On January 31, 2013, Defendants filed the present Motion for summary judgment on Plaintiff's remaining claims—to wit, his two Fourteenth Amendment claims under 42 U.S.C. § 1983 against all Defendants. Mot.

### III. LEGAL STANDARDS

Rule 56 of the Federal Rules of Civil Procedure instructs a court to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Although "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, "summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v.

6

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991).

The party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows that there is no genuine dispute as to any material fact, the burden shifts to the nonmoving party to demonstrate "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. This requires the nonmoving party to do "more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Corp., 475 U.S. 574, 586 (1986).

At the same time, a court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 742 (2d Cir. 1998). A court's duty in ruling on a motion for summary judgment is "carefully limited" to finding genuine disputes of fact, "not to deciding them." Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1224 (2d Cir. 1994).

## IV. DISCUSSION

Under § 1983, any person who, under color of state authority, deprives anyone within the jurisdiction of the United States of any right, privilege, or immunity secured by federal law, is liable to the deprived party at law, in equity, and otherwise. 42 U.S.C. § 1983; see Cox v. Warwick Valley Cent. Sch. Dist., 654 F.3d 267, 272 (2d Cir. 2011) ("To state a § 1983 claim, a plaintiff must establish that the defendant deprived him of a federal or constitutional right while acting under the

color of state law.").

**A. Due Process Claim**

Plaintiff claims that Defendants deprived him of a property interest in his job without due process of law by constructively terminating him without a hearing required by New York Civil Service Law § 75. See Am. Compl. ¶¶ 24-29; Resp. at 16-18. A procedural due process claim such as this has two elements: "(1) whether [Plaintiff] possessed a protected liberty or property interest, and, if so, (2) what process [Plaintiff was] due before [he] could be deprived of that interest." Adams v. Suozzi, 517 F.3d 124, 127 (2d Cir. 2008). The first element is satisfied because "New York law establishes that a permanent civil servant has a protected property interest in his employment," Fehlhaber v. Bd. of Educ., No. 09-CV-1380, 2010 WL 4386936, at *3 (N.D.N.Y. Oct. 29, 2010), and it is undisputed that Plaintiff was a permanent employee of AHD.

However, even where a permanent employee protected by § 75 is subjected to a disciplinary penalty without the appropriate procedural protections, the availability of an Article 78 proceeding after the fact provides all the process that is due. See Sebast v. Mahan, 754 F. Supp. 2d 423, 431-32 (N.D.N.Y. 2010); see also N.Y. CIV. SERV. LAW § 76 (providing for appeal of discipline or dismissal to the relevant state or municipal commission or by an Article 78 proceeding). This is all the more true where, as here, a plaintiff claims that her resignation was coerced, because the voluntariness of a resignation cannot be determined in advance. See Monroe v. Schenectady County, 1 F. Supp. 2d 168, 171-72 (N.D.N.Y. 1997) (citing Giglio v. Dunn, 732 F.2d 1133, 1134-35 (2d Cir. 1984)); see also Hudson v. Palmer, 468 U.S. 517, 534 (1984) ("The controlling inquiry is solely whether the state is in a position to provide for predeprivation process."). Thus, even if Plaintiff were to show at trial that he had been constructively terminated, Defendants would be

entitled to judgment as a matter of law on Plaintiff's due process claim.[5]

### B. Equal Protection Claim

Plaintiff also claims that Defendants singled him out for discipline and constructive termination without the protections of § 75. See Am. Compl. ¶¶ 30-35.[6] Plaintiff does not claim that he is a member of any adversely affected class; however, a plaintiff may bring a "class of one" equal protection claim where she "alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000), quoted in Ruston v. Town Bd., 610 F.3d 55, 58 (2d Cir. 2010). A class-of-one claim such as this has two elements[7]:

> (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on a mistake.

Ruston, 610 F.3d at 60. The comparator must bear "an extremely high degree of similarity" to the

---

[5] That an Article 78 proceeding provides adequate process in this context should not be confused for a requirement that a plaintiff exhaust her administrative remedies before bringing a § 1983 claim; no such requirement exists. See Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 881-82 (2d Cir. 1996); accord Montalbano v. Port Auth. of N.Y. & N.J., 843 F. Supp. 2d 473, 485 (S.D.N.Y. 2012); Sebast, 754 F. Supp. 2d at 432 n.2.

[6] In his Response, Plaintiff appears to add a claim under the substantive component of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. See Resp. at 17-18. This claim was not raised in the Amended Complaint, and therefore the Court will not consider it. See, e.g., Sheils v. Minogue, No. 06-CV-0482, 2011 WL 210580, at *2 (N.D.N.Y. Jan. 21, 2011); Richards v. City of New York, 433 F. Supp. 2d 404, 422 (S.D.N.Y. 2006).

[7] Additionally, "certain governmental functions that involve discretionary decisionmaking are not suitable for class-of-one claims." Fortress Bible Church v. Feiner, 694 F.3d 208, 222 (2d Cir. 2012) (citing Engquist v. Ore. Dep't of Agric, 553 U.S. 591, 603-04 (2008). This could be considered a third element, see Ruston, 610 F.3d at 58 n.3, but its boundaries are unclear. See Fortress Bible Church, 694 F.3d at 222 ("We have since held that Engquist does not bar all class-of-one claims involving discretionary state action.").

9

plaintiff.  Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006).  Although the undisputed facts show that other AHD employees received written reprimands pursuant to § 75, Plaintiff has not presented evidence of a specific similarly situated comparator to support his claim.

More fundamentally, however, "the class-of-one theory of equal protection does not apply in the public employment context." Engquist v. Ore. Dep't of Agric., 553 U.S. 591, 598 (2008); accord Fortress Bible Church v. Feiner, 694 F.3d 208, 222 (2d Cir. 2012).  Plaintiff's claim is based on his time as a public employee.  Thus, even if Plaintiff satisfied all the requirements of the claim, Defendants would be entitled to judgment as a matter of law.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion (Dkt. No. 21) for summary judgment is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 10) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties and close this case.

**IT IS SO ORDERED.**

DATED:    September 19, 2013
          Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge